# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: 2020-022435-CA-01

TASHAURI BROWN,

    Plaintiff,

vs.

MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a
NICKLAUS CHILDREN'S HEALTH SYSTEM,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO:     Miami Children's Health System, Inc. c/o Legal Dept.
Registered Agent for Miami Children's Health System, Inc.
d/b/a Nicklaus Children's Health System
3100 SW 62nd Ave
Miami, Florida 33155

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Anthony M. Georges-Pierre, Esq.

REMER & GEORGES-PIERRE, PLLC
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

10/21/2020

CLERK                                                     DATE

308760

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

TASHAURI BROWN,

    Plaintiff,

vs.

MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a
NICKLAUS CHILDREN'S HEALTH SYSTEM,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Tashauri Brown (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, Miami Children's Health System, Inc. d/b/a Nicklaus Children's Health System (hereinafter "Defendant" or "employer"), alleging violations of the Florida Civil Rights Act, the Pregnancy Discrimination Act, and the Americans with Disability Act and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

2. Plaintiff is a female, she was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as an environmental service technician for the Defendant, within a company operated business facility, located in South, Florida.

3. Defendant, is a not for-profit corporation, duly authorized to conduct business in the State of Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla Stat. Section 760.01, et seq.

6. Defendant is an "employer" pursuant to the Pregnancy Discrimination Act of 1978 (hereinafter referred to as PDA) and the American with Disabilities Act of 1990 (hereinafter referred to as "ADA").

7. Plaintiff is a female and is therefore a protected class as under the PDA.

8. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

9. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

10. Pursuant to Florida Statute Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity

Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

11. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. Plaintiff was discriminated against by Defendant employer based on her gender.

13. Plaintiff, a female, began working for the Defendant on or about August 7, 2018 as an Environmental Service Technician.

14. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven herself an exceptional and professional employee. Plaintiff performed her job well.

15. During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of her gender and pregnancy.

16. While employed, Plaintiff became pregnant on or about December 6, 2018 and immediately notified her manager about her high-risk pregnancy. Plaintiff provided her manager with proper documentation from medical experts requiring Plaintiff to be placed on light duty.

17. Plaintiff was immediately denied light duty placement. Although Plaintiff requested light duty placement on various occasions, Plaintiff's manager continuously denied her petitions, stating there was no light duty.

18. Throughout Plaintiff's employment, a similarly situated co-worker was placed on light duty given a medical condition.

19. On or about January 14, 2019, Plaintiff again requested to be placed on light duty and was immediately denied. Plaintiff was constructively dismissed with no choice but to stay at home without work.

20. Plaintiff gave birth to her daughter on or about July 2019 and immediately notified her talent manager of her daughter's critical condition. Plaintiff was told to apply for short-term disability with employer. Plaintiff applied for short-term disability but was immediately denied by Defendant.

21. Plaintiff was terminated on or about December 12, 2019 due to her gender and disability.

22. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon her sex and/or pregnancy. Furthermore, Plaintiff was retaliated against due to the exercise of their legal rights.

23. As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

24. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

## COUNT I.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

25. The foregoing facts are incorporated herein.

26. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex considerations, or sex-based reasons.

27. The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

28. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category. Plaintiff was denied light duty placement on various occasions while other employees were granted the requested accommodation.

29. Additionally, Plaintiff was terminated after being denied short-term disability.

30. Defendant discriminated against Plaintiff on the basis of her gender, female, by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretexual reasons.

31. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

32. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and Plaintiff has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    b. Award Plaintiff as to this count prejudgment interest; and

    c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

    e. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

    f. Plaintiff demands a trial by jury.

## COUNT II.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE PDA

33. The foregoing facts are incorporated herein.

34. The applicable statute, PDA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, on account of pregnancy.

35. Plaintiff possessed the requisite qualifications and skills to perform the position for the Defendant employer.

36. Plaintiff was denied on multiple occasions a light duty accommodation based off of her pregnancy.

37. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category. Plaintiff was denied light duty placement on various occasions while other employees who were not pregnant were granted the accommodation.

38. Defendant discriminated against Plaintiff on the basis of her pregnancy and gender by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretexual reasons.

39. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the PDA, and in addition, order the following additional relief:

   a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and
   b. Award Plaintiff as to this count prejudgment interest; and
   c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and
   d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.
   e. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.
   f. Plaintiff demands a trial by jury.

## COUNT III.

## DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE ADA

40. The foregoing facts are incorporated herein.

41. The applicable statute, ADA, prohibits an employer from discriminating against an employee based on their disability.

42. Plaintiff possessed the requisite qualifications and skills to perform the position for the Defendant employer.

43. Defendant made no attempt to accommodate Plaintiff's request for light duty placement based on her pregnancy. Plaintiff was constructively dismissed as a result of Defendant's refusal to accommodate her.

44. Moreover, after Defendant denied Plaintiff's request for short-term disability due to her daughter's critical medical condition, Plaintiff was terminated.

45. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA, and in addition, order the following additional relief:

   a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and
   b. Award Plaintiff as to this count prejudgment interest; and
   c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and
   d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.
   e. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

  f. Plaintiff demands a trial by jury.

## COUNT IV

## FAILURE TO PREVENT WORKPLACE DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA, PDA, AND ADA

46. The foregoing facts are incorporated herein.

47. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

48. Defendant violated its duty under the FCRA, PDA, and ADA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

49. Defendant knew or should have known about the discrimination as alleged herein. Plaintiff complained that Defendant's agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA, PDA, and ADA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

50. As a result of Defendant's failure to take all reasonable steps to prevent discrimination in violation of the FCRA, PDA, and ADA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, PDA, and ADA, and in addition, order the following additional relief:

   a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

   b. Award Plaintiff as to this count prejudgment interest; and

   c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

   d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

   e. Plaintiff demands a trial by jury.

   f. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

Dated this 16th day of October, 2020

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel. (305) 416-5000
E-Mail: agp@rgpattorneys.com

By: *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: _____

TASHAURI BROWN,

    Plaintiff,

vs.

MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a
NICKLAUS CHILDREN'S HEALTH SYSTEM,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO:     Miami Children's Health System, Inc. c/o Legal Dept.
**Registered Agent for** Miami Children's Health System, Inc.
d/b/a Nicklaus Children's Health System
3100 SW 62nd Ave
Miami, Florida 33155

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY**

Anthony M. Georges-Pierre, Esq.

**REMER & GEORGES-PIERRE, PLLC**
**COURTHOUSE TOWER**
44 West Flagler Street, Suite 2200
Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                                          DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE No.: 2020-022435-CA-01

TASHAURI BROWN,

    Plaintiff,

vs.

MIAMI CHILDREN' S HEALTH SYSTEM, INC.
d/b/a NICKLAUS CHILDREN' S HEALTH SYSTEM,

    Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a NICKLAUS CHILDREN'S HEALTH SYSTEM, by and through its undersigned counsel, respectfully moves the Court for an extension of time to file its response to Plaintiff's Complaint. Good cause exists for the granting of this motion, as set forth herein.

1. On October 27, 2020, Defendant was served with Plaintiff's Complaint.

2. Defendant's response to the Complaint is due November 16, 2020.

3. Undersigned counsel has just been retained to represent the Defendant in this matter and, therefore, requires a brief extension of time to prepare Defendant's response.

4. Accordingly, Defendant respectfully requests a brief extension of time through and including November 30, 2020, within which to file its response to Plaintiff's Complaint.

5. Undersigned counsel has conferred with Plaintiff's counsel, Anthony Georges-Pierre, Esq., and he has no objection to the extension.

6. This motion is filed in good faith, not for the purpose of delay, and will not prejudice any of the parties.

**WHEREFORE**, Defendant, Miami Children's Health System, Inc. d/b/a Nicklaus Children's Health System, respectfully requests an extension of time, through and including November 30, 2020, within which to file its response to Plaintiff's Complaint, together with such other and further relief as the Court deems just.

Respectfully submitted,

By: *s/Ingrid H. Ponce*
INGRID H. PONCE, ESQ.
Florida Bar No.: 166774
E-mail: iponce@stearnsweaver.com
PAUL CRUCET, ESQ.
Florida Bar No.: 122169
E-mail: pcrucet@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Defendant* MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a NICKLAUS CHILDREN'S HEALTH SYSTEM,

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of November, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to: Anthony M. Georges-Pierre, Esquire, (agp@rgpattorneys.com) Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

/s/ Ingrid H. Ponce
INGRID H. PONCE

#8986880 v1 44002 0005

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-022435-CA-01
SECTION: CA09
JUDGE: Pedro P Echarte Jr.

**Tashauri Brown**

Plaintiff(s)

vs.

**Miami Children's Health System, Inc.**

Defendant(s)
_____/

### ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE having come before the Court on Defendant, MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a NICKLAUS CHILDREN'S HEALTH SYSTEM's ("Defendant"), Unopposed Motion for Extension of Time to File Response to Plaintiff's Complaint. The Court being otherwise fully advised, hereby orders and adjudges as follows:

Defendant, MIAMI CHILDREN'S HEALTH SYSTEM, INC. d/b/a NICKLAUS CHILDREN'S HEALTH SYSTEM, shall file its response to Plaintiff's Complaint on or before November 30, 2020. THIS TIME PERIOD MAY NOT BE EXTENDED.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 12th day of November, 2020.

2020-022435-CA-01 11-12-2020 11:50 AM

Hon. Pedro P Echarte Jr.

**CIRCUIT COURT JUDGE**
Electronically Signed

<div style="border: 2px solid red; color: red;">

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

</div>

**Electronically Served:**

Anthony M Georges-Pierre, agp@rgpattorneys.com

Anthony M Georges-Pierre, pn@rgpattorneys.com

Anthony M Georges-Pierre, agpassistant@rgpattorneys.com

Ingrid H. Ponce, iponce@stearnsweaver.com

Ingrid H. Ponce, lojeda@stearnsweaver.com

Paul Crucet, pcrucet@stearnsweaver.com

Paul Crucet, amorell@stearnsweaver.com

**Physically Served:**